United States District Court
for the
Southern District of Florida

| | |
|---|---|
| HMD America, Inc., f/u/b/o<br>Certain Far East Underwriters<br>with Fubon Insurance Co., Ltd., its<br>lead underwriter, Plaintiffs,<br><br>v.<br><br>Q1, LLC, and Aldon Mega, Inc.,<br>Defendants. | Civil Action No. 23-21865-Civ-Scola |

## Omnibus Order

Plaintiff HMD America, Inc., seeks to recover from Defendants Q1, LLC (a logistics coordinator) and Aldon Mega, Inc. (a motor carrier) over $3 million in losses it incurred by way of a stolen cargo shipment of 16,000 cellphones. (Compl., ECF No. 1-2.) Since Q1 removed this case from state court, there has been a flurry of motion practice. First, Q1 seeks dismissal of the claims against it based on preemption and HMD's failure to state a claim. (Def.'s Mot. to Dismiss, ECF No. 5.) Within that motion, Q1 also seeks transfer of this case to the Middle District of Florida. (*Id.* at 8.) Next, rather than respond to Q1's arguments for dismissal, HMD instead sought leave to amend its complaint (Pl.'s Mot. to Am., ECF No. 8.) That aspect of Q1's motion that relates to transferring venue is fully briefed. (Pl.'s Resp. to Mot. to Transfer, ECF No. 10; Def.'s Reply re Transfer, ECF No. 19.)[1] Neither Defendant has responded to HMD's motion for leave to amend although upon conferral, Q1 informed HMD that it opposed the amendment. In the meantime, Aldon Mega has been served and was afforded an extension until September 13, 2023, to respond to the complaint. Finally, Q1 has also filed a motion to stay discovery, pending the Court's decision on its motion to dismiss and transfer venue. (Def.'s Mot. to Stay, ECF No. 23.) HMD does not oppose the motion to stay and Aldon Mega has not responded and the time to do has passed. For the reasons that follow, the Court **grants** HMD's motion for leave to amend its complaint (**ECF No. 8**); **denies** Q1's motion **as moot, in part**, to the extent it seeks dismissal, and **denies it, in part**, in

---

[1] Q1 moved for an extension of time to file its reply, after it was due, citing pressing deadlines in other matters. (Def.'s Mot. for Ext., ECF No. 22.) HMD opposed the extension, complaining about the lack of justification that Q1 presented. (Pl.'s Resp. to Ext., ECF No. 24.) While ordinarily the press of other litigation does not support an extension of time, the delay here was brief, did not impact the Court's efficient resolution of these matters, and did not negatively impact the opposing party. Accordingly, the Court grants Q1's request and deems Q1's reply timely filed. Moving forward, the Court encourages the parties to resolve simply logistical issues like this by agreement, resorting to Court intervention only for more meaningful disputes.

substance, to the extent it seeks transfer (**ECF No. 5**); **grants** Q1's motion for an extension of time (**ECF No. 22**); and **denies** Q1's motion for a stay (**ECF No. 23**).

### 1. HMD's Motion for Leave to Amend and Q1's Motion to Dismiss

In seeking leave to amend, HMD acknowledges that its motion may fall outside of Federal Rule of Civil Procedure 15(a)(1)(B)'s twenty-one-window to amend as a matter of course. *See Yates v. Pinellas Hematology & Oncology, P.A.*, 8:16-CV-799-T-35TGW, 2017 WL 11683792, at *1 (M.D. Fla. Aug. 14, 2017) (noting that while "[s]ome courts have found that granting an extension of time to file a response to the motion to dismiss also extends the time by which a Plaintiff may file an amended complaint as a matter of course," others have not). Under Rule 15, a plaintiff may amend its complaint once as a matter of course within twenty-one days after service of a 12(b) motion. Q1's motion to dismiss was filed on June 21, 2023, and HMD did not seek leave to amend until July 18—having been granted an extension of time to respond to the motion—and thus fell outside the twenty-one-day window. However, even if HMD is not entitled to file an amended complaint as a matter of right, under Rule 15(a)(2), courts are directed to "freely give leave when justice so requires." With that permissive standard in mind, the Court can divine no reason to deny HMD leave to amend: neither Defendant has filed an opposition to the motion; HMD sought leave to amend well before the Court's deadline to do so; HMD seeks leave to amend to, in part, address deficiencies identified in Q1's motion to dismiss; and Aldon Mega has not yet responded to the complaint. Accordingly, the Court grants HMD leave to amend its complaint and, therefore, denies Q1's motion to dismiss as moot. *See Taylor v. Alabama*, 275 F. App'x 836, 838 (11th Cir. 2008) (noting that when the plaintiffs amended their complaint the defendants' motion to dismiss became moot).

### 2. Q1's Motion to Transfer Venue

Next, Q1 alternatively asks the Court to transfer this case to the Middle District of Florida in the event it denies Q1's motion to dismiss. (Def.'s Mot. to Transfer at 8.) In support it points out that (1) the events giving rise to this case originated in Orlando, Florida (which is within the Middle District) and (2) Q1 is based in Orlando. (*Id.*) Accordingly, Q1 argues, this case could have been filed there and "it would be more convenient for the parties and potential witnesses to litigate the matter in the Middle District of Florida." (*Id.*) The Court agrees with HMD that Q1's motion is deficient, failing to carry Q1's burden of showing that its suggested forum is more convenient than this one.

As the parties both point out, requests to transfer venue are governed by 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts employ a two-pronged inquiry to determine whether transferring venue is proper: first, the alternative venue must be one in which the action could originally have been brought by the plaintiff; and second, whether both the private and public interests weigh in favor of transfer. *Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1282 (S.D. Fla. 2012) (Altonaga, J.). Although the standard under § 1404(a) leaves much to the Court's discretion, in evaluating a motion to transfer, the burden rests on the movant to establish that the proposed forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

The parties do not dispute that the first prong is satisfied. Instead, their disagreement centers around the second prong. This second prong implicates several different factors, often categorized into private factors and public factors. The private factors that courts consider include: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses and the ability of process to compel the attendance of unwilling witnesses; and (4) the relative ease of access to sources of proof. The public factors include: (1) the forum's interest in adjudicating the dispute; and (2) trial efficiency and expense to the justice system. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The factors considered by the courts are nonexclusive, meaning that a court can consider any or all that are relevant to the facts at hand. *See Cellularvision Tech. & Telecomm., L.P. v. Cellco P'ship*, No. 06-60666-CIV, 2006 WL 2871858, at *2 (S.D. Fla. Sept. 12, 2006) (Dimitrouleas, J.).

As HMD points out, Q1's presentation is wholly inadequate, comprised of essentially one wholly conclusory sentence: because the events that resulted in this lawsuit originated in the Middle District and because Q1 is based there, argues Q1, "it would be more convenient for the parties and potential witnesses to litigate the matter in the Middle District." (Def.'s Mot. to Transfer at 8.) Q1's cursory pass at transfer falls far short of tipping the scales in favor of overcoming HMD's chosen forum which is also its principal place of business. *See Thermal Tech., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (Simonton, Mag. J.) (noting that "the greater the . . . lawsuit's connection to the forum. . . chosen, the more deference the choice will receive"); *see also Samsung Elec. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005) ("the plaintiff's choice of forum is certainly a relevant consideration so long as there is a connection between the forum and the plaintiff's claim that reasonably and logically supports the plaintiff's decision to bring the case in the chosen forum"). Notably, Q1 has not supplied any actual facts supporting its

convenience argument, leaving it unable to show, as it must, that "the balance of convenience of the parties *strongly* favors the defendant." *Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008) (Graham, J.). Accordingly, Q1's motion to transfer is denied.

### 3. Q1's Motion to Stay

Finally, the Court also denies Q1's motion to stay. Q1 submits that a stay of discovery "is in the interest of economy as (1) this Court may allow Q1's Motion or anticipated Motion to Dismiss the First Amended Complaint; and (2) [it] will avoid the parties having to duplicate discovery efforts when/if Co-Defendant Aldon . . . appears in this case." (Def.'s Mot. to Stay at 3.) Although HMD does not object to the stay, the Court finds a stay unwarranted.

As an initial matter, district courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, preliminary motions which may likely dispose of an entire suit should be resolved as soon as practicable to obviate avoidable discovery costs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). However, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the *entire case*." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (emphasis added).

To evaluate whether there is a strong likelihood "the motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at its merits. *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and protraction of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53; *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988). Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

With these principles in mind, the Court notes the following. First, because Q1's motion to dismiss has been denied as moot, it cannot be said to have a strong likelihood of disposing of the entire case outright. Further, Q1

does not identify any aspect of its anticipated motion to dismiss HMD's amended complaint that would be likely to dispose of this entire lawsuit. Second, Q1's argument that Aldon Mega's upcoming participation in this case will result in duplicate discovery efforts is unpersuasive. First, Q1 fails to explain what efforts will be duplicated. And, second, in any event, Aldon Mega has since appeared in this case, rendering Q1's concerns, to the extent they have any merit, moot.

In light of the Court's conclusions, and after weighing "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery," *Feldman*, 176 F.R.D. at 652, the Court does not find a stay warranted. In short, the Defendants have not convinced the Court of the stay's necessity, appropriateness, nor reasonableness.

### 4. Conclusion

In summary, the Court **grants** HMD's motion for leave to amend its complaint (**ECF No. 8**); **denies** Q1's motion to dismiss and, alternatively, transfer venue (**ECF No. 5**); **grants** Q1's motion for an extension of time (**ECF No. 22**); and **denies** Q1's motion for a stay (**ECF No. 23**). The Court orders HMD to **immediately** file its amended complaint as a separate docket entry.

**Done and ordered** in Miami, Florida, on September 7, 2023.

_____
Robert N. Scola, Jr.
United States District Judge