United States District Court
for the
Southern District of Florida

| | |
|---|---|
| HMD America, Inc., f/u/b/o Certain Far East Underwriters with Fubon Insurance Co., Ltd., its lead underwriter, Plaintiffs,<br><br>v.<br><br>Q1, LLC, and Aldon Mega, Inc., Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 23-21865-Civ-Scola<br>)<br>)<br>)<br>)<br>) |

### Order Dismissing Case

  Plaintiff HMD America, Inc. initiated this lawsuit for property damage arising out of the alleged loss of a cargo shipment of cellphone that was stolen while en route to its destination. Multiple entities were involved with warehousing and transporting the cargo in various capacities: Defendant Q1, LLC; Defendant and Third-Party Plaintiff Aldon Mega, Inc., and Third Party Defendant RPM Corp. Previously, the Court granted Q1's motion to dismiss all HMD's claims against it. (ECF No. 61.) Shortly thereafter, the remaining parties—HMD, RPM, and Aldon Mega all reached an agreement, settling any disputes between them. (Not. of Settlement, ECF No. 63.) In the meantime, HMD appealed the Court's order dismissing its claims against Q1. (Not. of Appeal, ECF No. 65.) HMD, Aldon Mega, and RPM Corp. now seek dismissal of the remainder of this action under Federal Rule of Civil Procedure 41(a)(2). (Jt. Mot., ECF No. 73.) Q1 opposes the motion and the Court finds it unnecessary to await a reply from the movant. After review, the Court **grants** the motion (**ECF No. 73**).

  Prior to filing their Rule 41(a)(2) motion, the settling parties previously attempted to have their disputes against each other dismissed by stipulation, albeit without any specific reference to Rule 41(a)(1)(A)(ii). (Stip. of Dismissal, ECF No. 71; Am. Stip. of Dismissal, ECF No. 72.) Neither of these stipulations were effective, however, because they were not signed by *all* the parties who have appeared, as required by the plain meaning of Rule 41(a)(1)(A)(ii). *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023) (noting that "all means all" and joint stipulations not signed by "all parties who had appeared" "were ineffective"). Since being alerted to this defect by a jurisdictional question issued by the Eleventh Circuit, the settling parties sought Q1's signature on yet a third stipulation. Since Q1 declined to comply, the settling parties now ask the Court to dismiss the case under Rule 41(a)(2),

highlighting the resolution of the settling parties' disputes and the Court's prior dismissal of the claims against Q1.

In response, Q1 complains that the settling parties will not provide it with a copy of their settlement agreement. According to Q1 it should be afforded access to the agreement because Q1 suspects (1) the agreement was not entered into for genuine reasons; (2) HMD could be seeking double recovery; and (3) the settling parties may be colluding, through the agreement, to increase Q1's exposure. (Q1's Resp. at 4–5.) Because of these concerns, says Q1, "HMD should be ordered to produce a copy of the Release to Q1 before this matter is dismissed and closed by the Court." (*Id.* at 5.) The Court disagrees.

The Federal Rules of Civil Procedure require an order of the Court to effect a voluntary dismissal of an action unless either (i) a plaintiff files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or (ii) a plaintiff submits a "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). Since HMD here has done neither, it seeks dismissal under Rule 41(a)(2). While granting or denying such a motion is within the Court's discretion, the Eleventh Circuit has instructed that "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McBride v. JLG Indus., Inc.,* 189 F. App'x 876, 877 (11th Cir. 2006). Further, in exercising its discretion under Rule 41(a)(2), a district court "must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 877–78. At the same time, the Eleventh Circuit directs that, "when exercising its discretion," a district court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants." *Id.* at 878 (cleaned up).

The Court dismissed all the claims in this case against Q1 months ago. While the Court understands Q1's concerns, its mere suspicions and conjecture about the settlement agreement do not amount to a showing that a dismissal of this action will result in Q1's "suffer[ing] clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Id.* at 877. While Q1 is right that it appears co-defendants are generally entitled to the production of settlement agreements involving other co-defendants during discovery, that is not the procedural posture of this case. *See Kadiyala v. Pupke,* 17-80732-CIV, 2019 WL 3752654, at *5 (S.D. Fla. Aug. 8, 2019) (Matthewman, Mag. J.) (compelling production of a settlement agreement with other co-defendants "[b]ecause the documents are relevant and proportional, and because no privilege applies"). Nor has Q1 ever properly sought intervention from the Court to compel the settling parties to produce the agreement.

Absent any showing of prejudice to Q1, the Court **grants** the settling parties' motion to dismiss this action as to all the claims running among HMD, Aldon Mega, and RPM with prejudice. (**ECF No. 73**.) Since all other claims have also been dismissed, this case will remain closed and a final judgment will follow.

**Done and ordered**, in Miami, Florida, on April 11, 2024.

_____
Robert N. Scola, Jr.
United States District Judge